PETERS, J.
I concur in the reversal of the judgment, and in the determination that under state law and policy the holdings in Escobedo v. Illinois, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], and People v. Dorado, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], are partially retroactive and apply to eases that were not final on June 22, 1964, the date on which Escobedo was decided. I dissent, however, from the holding that the rules announced in Miranda v. Arizona, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.Sd 974], under state law and policy, do not apply to pending appeals but only apply prospectively to cases tried after June 13, 1966, the date on which Miranda was decided. These two holdings are illogical, inconsistent, needlessly raise, without deciding, equal protection of the laws problems, and grant to some applicants while denying to others similarly situated basic constitutional rights.
In reaching the result that Miranda should only apply prospectively the majority follow Johnson v. New Jersey, 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772], decided on June 20, 1966, in which the United States Supreme Court held that insofar as federal courts are concerned, Miranda only applied prospectively. In the same opinion the United States Supreme Court also held that, so far as federal law is concerned, the rules announced in Escobedo also had prospective operation only. But in Johnson v. New Jersey, supra, as the majority here points out, the United States Supreme Court, at some length, expressly pointed out that these federal rules were not binding on the states, and that the states were free to adopt other and different rules of retroactivity. That concession was undoubtedly specially noted because before Miranda a few *694 states, including California, had held that Escobedo was retroactive to the extent of applying to pending appeals [In re Lopez, 62 Cal.2d 368 [42 Cal.Rptr. 188, 398 P.2d 380]), and the United States Supreme Court wanted to assure those states that they could constitutionally adopt the same rule as to Miranda. This amounts to an open invitation to apply the same rules to Miranda as the states had applied to Escobedo. In my opinion we should accept that invitation. The majority repudiate it.
Whether we should or should not adopt the rules of retro-activity announced in Johnson v. New Jersey is now a matter of state policy—should we adopt the retroactivity rules of Johnson or the rules announced in Lopez ? However we decide that question, it is submitted that the same rules should be adopted as to both Escobedo and Miranda, inasmuch as both deal with similar rights of freedom from self-incrimination and to counsel guaranteed by the federal and state Constitutions, and it is further submitted that the most compelling arguments are to the effect that we should adopt the rule of Lopez.
In determining whether or not to adopt, as a matter of state law and policy, the rules of retroactivity of Johnson v. New J ersey, we should examine the results and effects of that doctrine. It cannot be denied that the doctrine that rules announced in criminal cases involving fundamental constitutional rights shall operate prospectively is new and novel. I know of no precedent in our long judicial history where such a doctrine was even hinted at, far less decided. Certainly there is no California authority that supports any such doctrine. Such a doctrine, hinting as it does at legislative rather than judicial action, is completely foreign to our California law. Under our state law, prospective operation of judicial decisions has heretofore been limited to a very few civil cases and then only in most unusual cases. In most of the cases where the prospective operation rule has been adopted some element of estoppel was present. Thus to apply the. doctrine to a criminal case involving constitutional rights is out of line with our state law. The United States Supreme Court acted well within its rule making powers when it made such a new and startling rule applicable to the federal courts. But, as already pointed out the states are under no compulsion to adopt such a doctrine, and some, like California, have been invited by the United States Supreme Court not to do so. Under such circumstances California should not blindly follow Johnson v. New Jersey as to the prospective operation *695 of Miranda, and certainly should not do so after holding Escobedo applies to pending appeals. California should adopt a rule more in conformity with California law.
In considering what the state policy should be, we also have the right to consider the apparently conflicting and certainly anomalous holdings in Miranda and in Johnson v. New Jersey. In Miranda, and two of the cases decided along with it, the court reversed three convictions where the errors occurred before Miranda was decided.[1] This necessarily constituted a determination that as to these three cases the rules announced in Miranda applied to pending appeals. This was on June 13, 1966. On June 20th the United States Supreme Court held the rules announced in Miranda should only apply after June 13, 1966, and dismissed many petitions for certiorari presenting the same problems as Miranda. Thus, if your name was Miranda, and your conviction had been secured by violation of rights set forth in Miranda, you were entitled to a reversal, but if your name was Johnson, or as in the instant case, Rollins, and your conviction was secured by methods condemned in Miranda, and you were tried at the same time or after Miranda was tried, but before June 13, 1966, your judgment must be affirmed. Although the instant case does not involve the death penalty, the same rules would be applicable there. Therefore a defendant in a murder ease tried at the same time or after Miranda but before June 13, 1966, whose conviction rests on a confession secured in violation of Miranda, must die, but Miranda, under similar circumstances, would live. This presents, under the federal rule, an interesting and difficult equal protection of the laws problem. Although this is primarily the concern of the federal courts, we are entitled to consider, and should do so, those anomalies in determining whether we, as a matter of state policy, should adopt a rule that permits such inconsistencies.
There is another basic fundamental fallacy in the majority opinion. It adopts one rule of retroactivity as to Escobedo and another as to Miranda. The majority decide, and I agree, to adopt the rule of the Lopez case as a matter of state law, although when written we thought we were following federal law. But then the majority hold that Miranda applies only prospectively. The majority is right in adopting the rule of *696 Lopez as to Escobedo. According to Dorado and Lopez, the rules announced in Escobedo were adopted in an attempt to preserve and protect Fifth and Sixth Amendment rights. The only criticism that can he made of the rule adopted in Lopez is that it did not go far enough—perhaps we should have held that the rule of retroactivity of Gideon v. Wainwright, 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], was applicable. Certainly, strong arguments can be made for such a conclusion. But we decided, because of the impact on the administration of justice, to limit Escobedo to pending appeals, and to adopt a more conservative approach and gave to Escobedo only partial retroactivity. The view was later adopted by the United States Supreme Court in Linkletter v. Walker, 381 U.S. 618 [14 L.Ed.2d 601, 85 S.Ct. 1731], and Tehan v. Short, 382 U.S. 406 [15 L.Ed.2d 453, 86 S.Ct. 459], These cases tell us that constitutional rights, in certain cases, need only be applied to pending appeals. Unless we are compelled to do so we should not now hold that a violation of constitutional rights only adversely affects a defendant who is tried after June 13, 1966, and certainly, even if permitted to adopt such a rule, we should not do so when we have held correctly that Escobedo applies to pending appeals. Both deal with the same constitutional rights guaranteed by the Fifth and Sixth Amendments. Both deal with the same type of invasion of these rights—custodial interrogations with the warnings required. Consistency, logic, and the equal protection . clause dictate that insofar as retroactivity is concerned Escobedo and Miranda be treated alike. Every argument of expediency made in the Johnson case and in the majority opinion applies to both legal situations. The argument of expediency made by the majority is totally without merit. This court in Lopez made Escobedo partially retroactive and the administration of justice managed to survive. The application of Escobedo to pending appeals resulted in many reversals and had a great impact on the police. Indisputably if Miranda were made applicable to pending appeals, reversals and hardships to the police would result. But these are false factors. The burdening of the administration of criminal justice is a price we must pay to enforce our Bill of Eights, and a price we should pay without hesitation. The powers of government, and that includes the police, are limited by the Bill of Eights. When such rights are invaded we must repulse such invasion and protect such rights even at the expense of inconvenience. Courts in the past have not hesitated to reverse *697 convictions when constitutional rights have been invaded. We should do likewise.
The United States Supreme Court was at least being logical and consistent when it saw there were no basic differences in the rights involved in Escobedo and Miranda and held that the same rule as to retroactivity had to apply to both cases. The majority are illogical and inconsistent, and raise equal protection problems not discussed by them, when they hold one rule applies to Escobedo and another to Miranda. Logie and consistency may not always be attainable in the legal processes, but that does not mean that they should be disregarded, as they are in the majority opinion. When there is a logical and consistent solution to a problem, and an illogical ■and inconsistent one, the logical and consistent is to be preferred. We hold that Escobedo applies to pending appeals. Logically and consistently we should apply the same rule to Miranda. This, the majority does not do. As already indicated this raises a difficult question of equal protection that the majority do not discuss or even recognize.
The rights involved in Escobedo and Miranda—the right to counsel and the right not to incriminate oneself—are fundamental rights. The right to counsel has been declared to be essential to our system of ordered liberty. (Palko v. Connecticut, 302 U.S. 319, 324-325 [82 L.Ed. 288, 58 S.Ct. 149].) Just recently the United States Supreme Court in Spevack v. Klein (Jan. 16, 1967) 385 U.S. 511 [17 L.Ed.2d 576, 87 S.Ct. 625], quoted with approval from Boyd v. United States, 116 U.S. 616, 635 [29 L.Ed. 746, 6 S.Ct. 524], where in discussing Fifth Amendment rights, the court stated, “It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon.” Also in the Spevack case, supra, at page 516, the court in referring to the Fifth Amendment rights stated: “We find no room in the privilege against self-incrimination for classifications of people so as to deny it to some and extend it to others.” This is precisely what the majority have done.
For these reasons while I concur in the reversal and in the holding that under state law and policy Escobedo should apply to pending appeals, I dissent from the holding that under state policy and law Miranda should only have prospective application. As a matter of state policy I think that Miranda, too, should have limited retroactivity.

The fourth case decided along with Miranda was People v. Stewart, a California case (62 Cal.2d 571 [43 Cal.Rptr. 201, 400 P.2d 97]). Among other things, the United States Supreme Court affirmed our decision where we had applied the Lopez rule.